IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA SLACK, Individually and as the surviving mother of CHARLES ROUNDTREE, JR., BERNICE ROUNDTREE as the representative of the Estate of CHARLES ROUNDTREE, JR. and all Statutory Beneficiaries, TAYLOR SINGLETON, and DAVENTE SNOWDEN<br>*Plaintiffs*, <br><br>VS.<br><br>THE CITY OF SAN ANTONIO, TEXAS AND STEVE CASANOVA<br>*Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:18-CV-1117-FB |

## DEFENDANTS CASANOVA'S OPPOSED MOTION TO ABATE PROCEEDINGS AND STAY DISCOVERY

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES Defendant **STEVE CASANOVA** (hereinafter individually referred to as "Casanova") and files this opposed motion to abate the instant proceedings, and stay discovery in the instant case pending final resolution of the criminal action by the Bexar County District Attorney against Plaintiff, Davante Snowden, ("Snowden") for felony possession of a firearm during the October 17, 2018 alleged shooting incident of Snowden by Defendant Officer Casanova. [See offense report attached hereto as **Exhibit "A"**]. Defendant Casanova respectfully shows the Court the following:

## I. Factual and Procedural Background

1. This is an action brought by Plaintiffs against the City of San Antonio, Texas and Officer Steve Casanova on October 23, 2018,[1] for Casanova's alleged use of excessive force resulting in the October 17, 2018, shooting injury sustained by Snowden and death of Charles Roundtree Jr., ("decedent") in alleged violation of his individual rights under the Fourth Amendment of the United States Constitution **[Dkt. 1].**

2. Plaintiff Snowden was included as a Party Plaintiff in Plaintiffs' First Amended Complaint on November 19, 2018, asserting causes of action against Casanova and Defendant, City of San Antonio, Texas ("City") under 42 U.S.C. §1983 for excessive force and injuries sustained resulting from said force. **[Dkt. 9].** Casanova asserts his qualified immunity defenses in his Answer.

3. An indictment issued against Snowden for felony in possession of a firearm involving the October 17, 2018 incident, Case No. 2019-CR-0596, in the 399th District Court, Bexar County Texas. Snowden is currently awaiting trial with a trial date yet to be set. [See docket control sheet dated 07/22/19, attached hereto as **Exhibit "B"**].

4. On May 28, 2019, United States District Judge, Fred Biery, granted Defendant Casanova's Motion to Abate Proceedings and Stay Discovery **[Dkt. 30]** in order to preserve Casanova's Fifth Amendment right against self-incrimination during pending criminal charges against Casanova, and ordered that the instant case is stayed and the scheduling order deadlines are abated for 60 days.

5. The Court also ordered Casanova to immediately advise the Court of any change is status of the review and investigation by the Bexar County District Attorney's Office within the 60 day

---

[1] Plaintiffs' Original Complaint included Patricia Slack, Individually; Charles Roundtree Jr. (decedent); Bernice Roundtree representative of estate of Charles Roundtree Jr.; Taylor Singleton.

period and to file an advisory no later than the sixtieth day if there is no change. [Dkt. 30]. **With the filing of this Motion, Defendant is advising the Court that upon information received on July 19, 2019, Defendant, Casanova, was no-billed for the criminal charges against him.**

6.      At this time, Defendant Casanova respectfully requests that the Court to continue the stay and/or grant a second stay and abate this litigation and stay all scheduling order deadlines pending final conclusion of the current criminal charges against Snowden as referenced above that are related to the facts of this civil litigation.

## II.   Argument and Authorities

**Plaintiff Snowden's claims are barred by *Heck v. Humphrey*.**

7.      Plaintiff Snowden's civil action for damages pursuant to 42 U.S.C. §1983 should be abated pending the final resolution of his pending criminal indictment in Cause No. 2019-CR-0596 pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The instant pending civil action arises from the events made the basis of the criminal charges against Snowden, and until such time as that criminal case is resolved, the resolution of this case is barred.

8.      Under *Heck*, courts within the Fifth Circuit deem it well settled that a plaintiff convicted of a crime "cannot recover damages for an alleged violation of constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless plaintiff proves the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called in to question by a federal court's issuance of a writ of habeas corpus.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing *Heck*, 512 U.S. at 486-87, *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999).

Snowden remains under indictment and therefore remains subject to being convicted of the crime(s) which he has been alleged to have committed.

9. As the Supreme Court reasoned in *Heck*, supra, wherein they analogized common law malicious prosecution claims with §1983 claims challenging the legality of conviction, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484. This is because, "[t]his requirement avoids parallel litigation over the issues of probable cause and guilt . . . and precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.*

10. Since a conviction in Snowden's underlying criminal action would invalidate any claim made in this civil action and any successful judgment in this civil action would create conflicting Judgments with a possible future conviction in his criminal action, it would follow that this claim must not go forward until the criminal proceeding has been completed. *See e.g. Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996) ("A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.")

11.     In regard to excessive force cases, Texas law provides that any person can use force up to and including deadly force to protect himself against the other's use or attempted use of unlawful deadly force. Tex. Penal Code, § 9.32(a). In *Sappington v. Bartee,* 195 F.3d 234, and *Hainze v. Richards,* 207 F.3d 795 (5th Cir. 2000), the court reasoned that the defendant-officers were justified in using force up to and including deadly force to resist the assault and to effect the arrest. Accordingly, it was held that any amount of force used could not have been excessive; thus *Heck* barred the plaintiffs' claims as a matter of law. *Hainze,* 207 F.3d at 798; *Sappington,* 195 F.3d at 237. Similar reasoning was used in *Hudson v. Hughes,* 98 F.3d 868 (5th Cir. 1996). In *Hudson,* the plaintiff, who had been convicted under Louisiana law for battery on an officer, alleged he was brutally beaten during his arrest, that excessive force was used, and that those acts were unconstitutional. It was held that *Heck* barred his excessive force claim because it called the validity of his conviction into question. In the case at bar, Defendant Casanova found it necessary to use deadly force in response to Plaintiff Snowden reaching for his weapon with intent to use employ deadly force against Defendant Casanova. The incident would not likely have occurred if Plaintiff Snowden had not been in possession of a weapon.

### III.     CONCLUSION

12.     It is well settled in the Fifth Circuit that a plaintiff convicted of a crime cannot recover damages for an alleged violation of constitutional rights, if the alleged violation arose from the same facts attendant to the charge for which was convicted. Plaintiff Snowden's claims against Defendant Casanova and the City should be abated and discovery stayed until such time of the resolution of the criminal case against Snowden. The facts in the instant case are interwoven with the actions between Snowden and Casanova; therefore, abatement and discovery should apply to all plaintiffs in this case.

## IV. CERTIFICATE OF CONFERENCE

13. Defendant Casanova's counsel has conferred with counsel of record for the City of San Antonio who is not opposed to the motion. Defendant's counsel attempted to contact Plaintiff's counsel by phone and email on July 22, 2019, but was unsuccessful in conferring with Plaintiff's counsel prior to the filing of this motion. As a result, Defendant Casanova is filing this Motion as opposed.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Casanova respectfully requests the Court issue an Order to abate and/or stay the civil proceeding, and abate and/or stay all discovery and scheduling order deadlines in the instant suit until such time Plaintiff Snowden's criminal proceedings are concluded and all other such other and further relief to which Defendant Casanova is justly entitled.

Signed on this the 22 day of July 2019.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:   (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com

BY: _____
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
ATTORNEYS FOR DEFENDANT
STEVE CASANOVA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this ____ day of July, 2019, to the following:

| | |
|---|---|
| Daryl K. Washington<br>Washington Law Firm, PC<br>325 N. St. Paul, Suite 3950<br>Dallas, Texas 75201<br>*Counsel for Plaintiffs* | **E-NOTIFICATION** |
| Logan Lewis<br>Assistant City Attorney<br>Litigation Division<br>Office of City of San Antonio<br>100 W. Houston St., 18th Floor<br>San Antonio, Texas 78205<br>*Counsel for Defendant COSA* | **E-NOTIFICATION** |

_____
PATRICK C. BERNAL
ADOLFO RUIZ

ClientFiles\Slack, P v COSA (45281)\Pleadings\Drafts\Def Casanova's Mt to Abate and Stay Discovery 2019 0722.doc