IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA SLACK, INDIVIDUALLY AND AS THE SURVIVING MOTHER OF CHARLES ROUNDTREE, JR.; TAYLOR SINGLETON, BERNICE ROUNDTREE, AND AS REPRESENTATIVE OF THE ESTATE OF CHARLES ROUNDTREE, JR. AND ALL STATUTORY BENEFICIARIES; AND DAVANTE SNOWDEN, | § § § § § § § § § § § § § § § § § § § § | SA-18-CV-01117-JKP |
| *Plaintiffs,* | | |
| vs. | | |
| CITY OF SAN ANTONIO, TEXAS, STEVE CASANOVA, SAN ANTONIO POLICE OFFICER, | | |
| *Defendants.* | | |

## **ORDER**

Before the Court in the above-styled cause of action are the following motions: Defendant Steve Casanova's Motion for Reconsideration of Court's Order to Proceed with Deposition on Written Questions of Plaintiff Snowden [#124] and Defendant Steve Casanova's Motion to Extend Scheduling Order Deadline for Limited Discovery [#125]. The above-styled cause of action was referred to the undersigned for all non-dispositive pretrial proceedings pursuant to 28 U.S.C. § 636(b), Local Rule CV-72, and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges [#44]. The undersigned therefore has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

In resolving Defendant's motions, the undersigned has also considered Plaintiffs' responses [#128, #129] and Defendant's replies [#130, #131]. For the reasons that follow, the

Court will deny the motions but permit certain discovery to be exchanged beyond the discovery deadline as set forth herein.

## I.  Motion for Reconsideration

By his motion, Defendant Steve Casanova asks the Court to reconsider its Order dated April 13, 2021, which granted in part and denied in part Casanova's motion to compel the re-deposition of Plaintiff Davante Snowden.  Casanova had moved for an order compelling Snowden, who is incarcerated, to appear for a second deposition so that Casanova's counsel could revisit a line of questioning related to the status of criminal charges against Snowden unrelated to this case.  At his March 2, 2021 deposition, Snowden had asserted the Fifth Amendment privilege against self-incrimination when questioned about the charges.  However, Snowden had already pleaded guilty and been sentenced on the charges at the time of the deposition (just days before, in fact); therefore, the assertion of the privilege was improper.  Casanova argued to the Court that he should be permitted to question Snowden about the charges, his improper invocation of the Fifth Amendment, and his conviction for future impeachment of Snowden at trial.

The Court granted the motion in part and permitted a limited re-deposition of Snowden on the status of the criminal charges at issue.  However, the Court ordered that the deposition be taken by written questions not orally.  Casanova now moves the Court to reconsider its decision and allow the second deposition to occur via Zoom, as originally requested.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  Such motions are therefore generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th

Cir. 1998). Where a motion to reconsider is filed within 28 days of the judgment or decision, as here, the motion is analyzed under Rule 59(e). Fed. R. Civ. P. 59(b). Under Rule 59(e), a party may ask the court to reconsider a prior ruling "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

Casanova's primary argument for reconsideration of the Court's Order is that conducting a deposition by written questions is not less burdensome than conducting an oral deposition in the Dallas County Jail, where Casanova was incarcerated at the time of his first deposition. Casanova argues that he is familiar with the Dallas County Jail and who to contact to arrange for the deposition. Casanova refers the Court to Rules 30 and 31, which require the party taking a deposition by written questions to deliver the written questions to a deposition officer, who then must put the deponent under oath and record the answers verbatim. Fed. R. Civ. P. 30(c)(3), 31(b). Because of the COVID-19 pandemic, Casanova asserts that the deposition officer may be permitted to appear via Zoom, rather than in person, and therefore there is no difference between an oral deposition or a deposition by written questions. Casanova also argues that Snowden is a hostile witness, for which a deposition by written questions is particularly inappropriate. Casanova maintains that Snowden's testimony on his criminal charges, which bears on Snowden's ultimate credibility, is of the utmost importance in this case.

None of these arguments presents newly discovered evidence or suggests a manifest error of law or fact as to the Court's prior decision. Casanova is simply dissatisfied with the Court's ruling and wants an additional opportunity to advance arguments he had the opportunity to raise in his original motion or at the Court's hearing in which the alternative of a deposition by written

questions was proposed and adopted. This Court properly exercised its discretion to order the limited re-deposition of Snowden by written questions, rather than requiring coordination between the parties, a court reporter, and the facility to conduct the deposition and the expenses associated therewith.

The Court further notes that the testimony sought by Casanova is not essential to this case. It is impeachment testimony about an unrelated offense. Casanova is fully aware of the status of Snowden's criminal charges and has possession of Snowden's signed plea agreement, which includes all material information related to the charge, conviction, and sentence. Any additional information surrounding the conviction is not material to Plaintiffs' claims. Furthermore, Plaintiffs inform the Court in their response that Snowden has now been transferred to the Byrd Unit of the Texas Department of Criminal Justice. Therefore, any argument regarding Casanova's familiarity with the staff and process for setting up a Zoom deposition at the Dallas County Jail is, as Plaintiffs point out, obsolete. Finally, as suggested by Plaintiffs, the deposition by written questions can be conducted without the involvement of an outside deposition officer, as prison personnel may be authorized to perform this function upon the stipulation of the parties. Fed. R. Civ. P. 28(a)(1), 31(b).

The Court acknowledges that Snowden will likely be unable to appear to testify live at trial due to his incarceration and that Casanova would prefer to have additional live testimony on Snowden's conviction to play for the jury (if such impeachment evidence is ultimately even deemed admissible). However, Casanova has not demonstrated that the Court manifestly erred in its previous decision such that he is entitled to reconsideration of the Court's prior ruling. If Casanova wishes to appeal the undersigned's decision to the District Court, he is entitled to do so pursuant to 28 U.S.C. § 636(b)(1)(A).

## II.  Motion to Extend Discovery Deadline

By his second motion, Casanova asks the Court to extend the discovery deadline in this case from April 20, 2021, to May 28, 2021.  The Court will deny the motion.

Casanova asks the Court for the extension in order to provide sufficient time to receive the responses to Snowden's re-deposition by written questions and various medical and psychological records previously requested by Casanova.  Casanova also argues that the extension is necessary to re-depose Snowden by oral deposition (if that is permitted) and to receive Snowden's records from barber school.

The Court has already authorized Snowden's re-deposition by written questions and the discovery of the medical records referenced in Casanova's motion.  No extension of the discovery deadline is necessary to receive these documents, although the Court will clarify in this Order that any of the medical records already requested and authorized by the Court, as well as the responses to the deposition of Snowden by written questions, even if received after the April 20, 2021 discovery deadline, will not be deemed inadmissible due to untimely production.

The Court has not authorized Snowden's live re-deposition, and if the District Court were to do so, that would also not require an extension of all discovery, only the limited extension of discovery for a particular purpose.  As to the barber college records, Casanova's motion demonstrates that he requested the barber college records, which he argues are relevant to the question of Snowden's lost income for purposes of damages, on March 19, 2021, within 30 days of the discovery deadline of April 20, 2021.  Any delay associated with the production of these documents is not due to any lack of diligence on the part of Casanova.  These records will also not be deemed inadmissible due to the fact that they are received after the close of discovery.

**IT IS THEREFORE ORDERED** that Defendant Steve Casanova's Motion for Reconsideration of Court's Order to Proceed with Deposition on Written Questions of Plaintiff Snowden [#124] is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant Steve Casanova's Motion to Extend Scheduling Order Deadline for Limited Discovery [#125] is **DENIED**. However, the Court will permit the following discovery to be exchanged after the close of discovery because the requests were sent out in a timely manner or authorized by the Court's previous Order:

- Receipt of Plaintiffs' medical/psychological records sent by Deposition on Written Questions;

- Receipt of Snowden's barber school records;

- Receipt of Snowden's response to Defendant's Deposition on Written Questions regarding his charge and conviction of aggravated robbery. Questions must be served within 14 days of the date of this order.

**IT IS FINALLY ORDERED** that for all other purposes, discovery is closed.

SIGNED this 30th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE