IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA SLACK, INDIVIDUALLY AND AS THE SURVIVING MOTHER OF CHARLES ROUNDTREE, JR.; TAYLOR SINGLETON, BERNICE ROUNDTREE, AND AS REPRESENTATIVE OF THE ESTATE OF CHARLES ROUNDTREE, JR. AND ALL STATUTORY BENEFICIARIES; AND DAVANTE SNOWDEN, *Plaintiffs,* vs. CITY OF SAN ANTONIO, TEXAS, STEVE CASANOVA, SAN ANTONIO POLICE OFFICER, *Defendants.* | § § § § § § § § § § § § § § § § § § § § | SA-18-CV-01117-JKP |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiffs' Motion to Compel Discovery Responses from Defendants Steve Casanova and the City of San Antonio [#134]. The above-styled cause of action was referred to the undersigned for all non-dispositive pretrial proceedings pursuant to 28 U.S.C. § 636(b), Local Rule CV-72, and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges [#44]. The undersigned therefore has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

The Court held a hearing on the motion on June 10, 2021, at which all parties appeared through counsel via videoconference. In resolving Plaintiffs' motion, the undersigned has considered Defendants' responses [#141, #142] and the arguments of counsel at the hearing. For the reasons stated at the hearing and memorialized herein, the Court will grant in part the motion.

1

By their motion, Plaintiffs seek the personal cell phone records of Defendant Officer Steve Casanova and two other officers involved in the use-of-force incident made the basis of this suit.  It is undisputed that Plaintiffs timely requested the records within the discovery period but to date have not received any responsive documents from Casanova or the City of San Antonio.  The City stated in its discovery responses and on the record at the hearing that Casanova and the other officers were not issued mobile phones by the City, and the City does not have custody over personal cell phone records or authority to compel their production from a third-party cellular provider.  Casanova has indicated in his responses to the discovery that he no longer owns the cell phone and does not remember the cell phone number.  However, at the Court's hearing, counsel for Casanova indicated he now has the phone number and carrier information in his possession.

Ordinarily, this Court would not consider Plaintiffs' motion because it was not timely filed under this Court's Local Rules.  Rule 16(d) of the Local Rules of the Western District of Texas provides:

> Absent exceptional circumstances, no motions relating to discovery, including motions under Rule 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery.

Discovery closed in this case on April 20, 2021.  Plaintiffs did not file their motion until May 21, 2021, approximately one month later.  However, given that the parties were engaged in ongoing conversations throughout the intervening month in an attempt to reach a compromise over the requested records, but the discussions ultimately fell apart, the Court will address Plaintiffs' motion.

Plaintiffs are entitled to all discovery that is relevant and proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). A party seeking discovery under Rule 34 must serve a request for production on the party believed to be in the possession, custody, or control of the evidence at issue. *Id.* at 34(a). A party may move to compel the production of withheld discovery. *See id.* at 37(a)(3)(B).

Plaintiffs have requested "copies of all cell phone records pertaining to the incident made the basis of this lawsuit." (Requests for Production [#134-1] at 16.) The City has provided a sufficient response to the requested discovery on the record that it does not have possession of the phone numbers, carrier information, or the ability to subpoena the phone records for any of the officers involving in the use-of-force incident. However, there is no defensible basis for Casanova to withhold his cell phone number and carrier information from Plaintiffs, even if he is unable to produce the cell phone records himself because the cell phone is no longer in his possession. The records from the day of the use-of-force incident and the days immediately surrounding that incident are relevant to this case. Allowing access to these records is not disproportionate to the needs of this case or unduly burdensome or prejudicial for any other reason.

The Court will therefore order Casanova to produce the phone number and carrier information to Plaintiffs and cooperate with Plaintiffs to execute an authorization permitting disclosure of the records that can be presented to the carrier. Plaintiffs are permitted to subpoena the carrier for the cell phone records for the day of the incident, October 17, 2018, as well as the day before and day after, or request the records pursuant to an authorization executed by Cassonova. By separate order, the Court has entered the standard confidentiality and protective order for the Western District of Texas to facilitate the protection of any personal and

confidential information in the cell phone records ultimately obtained from the carrier. Aside from this production, discovery in this case is officially closed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery Responses from Defendants Steve Casanova and the City of San Antonio [#134] is **GRANTED IN PART** as follows: Casanova is to produce the phone number and carrier information to Plaintiffs. Plaintiffs may subpoena the carrier for the cell phone records associated with this phone number from October 16, 2018 to October 18, 2018, or request the records pursuant to an authorization executed by Casanova.

SIGNED this 14th day of June, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE