IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA SLACK, Individually and as the surviving mother of CHARLES ROUNDTREE, JR., BERNICE ROUNDTREE as the representative of the estate of CHARLES ROUNDTREE, JR. and the Statutory Beneficiaries, TAYLOR SINGLETON and DAVANTE SNOWDEN, *Plaintiffs* | § § § § § § § § § § | |
| v. | § § § | CIVIL ACTION NO. 5:18-CV-1117-FB |
| THE CITY OF SAN ANTONIO, TEXAS and STEVE CASANOVA, *Defendants* | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CASANOVA'S AMENDED WRITTEN STATEMENT OF APPEAL; OBJECTION TO; AND REQUEST FOR STAY OF ORDER OF MAGISTRATE JUDGE**

Plaintiffs, Patricia Slack, Individually and as the surviving mother of Charles Roundtree, Jr., Bernice Roundtree, individually and as the Representative of the Estate of Charles Roundtree, Jr. and the statutory beneficiaries, Taylor Singleton and Davante Snowden[1] file this Response to Defendant Steve Casanova's Written Statement of Appeal, Objection to, and Request for Stay of Order of Magistrate Judge.

**I.      Introduction.**

The fact that Casanova continues to resist complying with the Magistrate's ruling is telling and makes it obvious that Casanova is refusing to produce his cell phone records

---

[1] Plaintiffs have moved to amend their complaint to remove Patricia Slack as a plaintiff and to clarify Bernice Roundtree's capacity to sue on behalf of the Estate of Charles Roundtree, Jr. (Doc. 156). That motion remains pending before this Court.

for a reason. So too is the fact that Casanova makes no criticism of the Magistrate Judge's decision that Casanova's cell phone records are relevant and discoverable. Rather, the sole basis of Casanova's motion is that Plaintiffs' motion to compel, which was filed after the discovery period ended but also in the face of Casanova's motion for summary judgment claiming qualified immunity, was untimely and could not be granted. Casanova's attempt to hide behind a discovery deadline should not be rewarded. The motion to compel, which the Magistrate Judge unquestionably had the power to grant even after the deadline for filing it, was properly granted. Casanova's objection to that ruling should be overruled.

## II.     Standard for Review.

A Magistrate Judge's order on a motion to compel is a non-dispositive discovery motion which is only reviewed on an appeal like this one under the clearly erroneous or contrary to law standard of review. *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *1 (W.D. Tex. April 27, 2017) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). More specifically, the Magistrate Judge's legal conclusions are reviewed *de novo* and the fact findings are review for clear error. *Advanced Physicians, S.C. v. Connecticut Gen. Life Ins.*, 431 F. Supp. 3d 857, 860 (N.D. Tex. 2020).

The clear error standard of review is described as a "highly deferential standard" which requires this Court "to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Gomez*, 2017 WL 5201797, at *2 (quoting *Baylor Health Care Sys. v.*

*Equitable Plan Servs., Inc.,* 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013), and *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). This standard does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently. *Id.*

### III. The Magistrate Judge did not commit clear error in granting Plaintiffs' motion to compel.

It is worth noting that Casanova makes no complaint regarding the actual substance of Plaintiffs' motion to compel.[2] In short, he concedes that the information regarding the cell phone he was using and communicating with at the time of the shooting was discoverable. Rather, Casanova's only complaint is that the Magistrate Judge should not have granted Plaintiffs' motion to compel because it was filed after the discovery deadline.

Even Casanova, however, recognizes that the magistrate judge has the authority to grant a motion to compel filed after a discovery deadline as he acknowledges the case law and standard applicable to such motions to compel. (Doc. 165 at 7-12) (citing *Garcia v. City of Amarillo, Tex.,* No. 2:18-CV-95-Z-BR, 2019 WL 11250160, at *2 (N.D. Tex. Sept. 26, 2019), and *Days Inn Worldwide, Inc. v. Sonia Invests.,* 237 F.R.D. 395, 398-99 (N.D. Tex. 2006). A motion to compel discovery filed after the discovery deadline is not untimely as a matter of law.

---

[2] When Casanova refused to produce his cell phone information even after the Magistrate Judge ordered it, the Magistrate Judge ordered him to show cause why he failed to do so. (Doc. 162 at 2). In response to that order, Casanova still does not dispute the relevance or Plaintiffs' general entitlement to the information. (Doc. 166). Rather, Casanova simply claims that he did not turn over the information because he intended to object to and appeal the magistrate's ruling. (*Id.* at 4, ¶ 5).

> A number of courts have held that it is within a district court's discretion to deny a motion to compel where the discovery deadline has passed. *See Days Inn Worldwide,* 237 F.R.D. at 397-98 (collecting cases). However, the passing of the discovery deadline does not necessarily render a motion to compel filed after that date untimely. *See McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP,* 234 F.R.D. 1, 11 (D. D.C. 2007); *see also Sequoia Prop. v. United States,* 203 F.R.D. 447, 450-51 (E.D. Cal. 2001) (motion to compel filed after discovery deadline passes should be denied *unless* good cause for the delay is established).

*Ruiz v. U.S. Protect,* No. 6:07-CV-56, 2008 WL 11395490, at *2 (S.D. Tex. 2008). After all, the court has broad discretion in managing discovery matters and that discretion requires that scheduling order deadlines, like the one Casanova relies on here, not be enforced rigidly and without regard to the underlying facts. *Id.* (citing *Blackboard Inc. v. Desire2Learn, Inc.,* No. 09-CV-155, 2007 WL 3389968, at *3 (E.D. Tex. Nov. 14, 2007)).

Thus, what Casanova couches as a pure legal ruling is really not. Just because there are cases holding that it is not an abuse of discretion to deny a motion to compel filed after the discovery deadline does not mean that it is clear error to grant a motion to compel filed after the discovery deadline. Rather, as even Casanova's motion acknowledges, the determination depends on the facts of each case, as judged by a number of different factors courts may consider, such as:

1. the length of time since the expiration of the discovery deadline;

2. the length of time that the moving party has known about the discovery;

3. whether the discovery deadline has been extended;

4. the explanation for the tardiness or delay;

5. whether dispositive motions have been scheduled or filed;

6. the age of the case;

      7.      any prejudice to the party from whom late discovery was sought; and

      8.      disruption of the court's schedule.

*See Days Inn Worldwide,* 237 F.R.D. at 398; *see also* Doc. 165 at 6.  Even considering all of these factors, Casanova fails to demonstrate that the Magistrate Judge's decision to grant the motion to compel is clearly erroneous.

First, the motion to compel was filed only 31 days after the discovery deadline closed.  And, as even the magistrate judge acknowledges, the parties had been discussing the discovery for some time.  Plaintiffs requested the information from Casanova in April 2020.  Then, as Plaintiffs pointed out in their reply in support of their motion to compel, Plaintiffs learned at Casanova's deposition on October 21, 2020, that Casanova was unaware of the discovery request. (Doc. 145 at 3-4).  The very next month, the issue was brought up before the Magistrate Judge at a status conference at which time the Magistrate Judge told Casanova's counsel to produce the information.  Whether because Casanova's counsel did not inform Casanova, or because Casanova refused to do so, no such information was ever turned over.[3]

As even Casanova's exhibits demonstrate, the need for this information was discussed again in December 2020 and January 2021, with Casanova's counsel still refusing to turn over the most basic information and, instead, insisting on a protective order.  Plaintiffs' counsel again asked for this information in January 2021, and advised

---

[3] In his appeal and objection, Casanova implies that Plaintiffs were "admonished by the Court to subpoena the phone records if he did not want to rely on Casanova's denial at the November 13, 2020, status conference." (Doc. 165 at 8).  But, without the basic information—cell number and carrier—Plaintiffs' counsel could not subpoena anything from a third party.

that if such information was not produced, a motion to compel would be filed. Plaintiffs' counsel again reached out, in an attempt to work out this dispute, in April 2021, just before the discovery deadline. Still hoping that Casanova would turn over such basic information to the Plaintiffs' counsel, especially after being told to do so by the Court, Plaintiffs' counsel waited, ultimately filing the motion to compel when there was no other option. Contrary to Casanova's objection, the parties were attempting to resolve this issue. The fact that the discussion was somewhat one-sided, with only Plaintiffs' counsel making any real attempt at compromise, should not weigh against the Plaintiffs. After all, a party should not be penalized for attempting to first resolve discovery disputes without resorting to court intervention. *See Blackboard, Inc.,* 2007 WL 3389968, at *3.

Further, this case is not old. It was filed shortly after the shooting, in 2018. And, while it is two-and-a-half years old, it is not old when one considers the Covid pandemic this case and the parties have had to contend with. It is also worth noting, at this point, there is no trial setting—only dispositive motions have been filed. Thus, granting the motion to compel has not and will not disrupt the Court's schedule as Casanova claims.

The only other pending deadline is Plaintiffs' deadline to respond to the Defendants' motions for summary judgment. Those responses may rely heavily on what is revealed by Casanova's phone records. But, until that information is provided by Casanova so that Plaintiffs can subpoena the information from Casanova's carrier, Plaintiffs remain in the dark.

Given that Casanova raises no complaint regarding Plaintiffs' entitlement to the information they seek, there can be no prejudice to Casanova. The fact that Plaintiffs have

"an extended period of time to respond to [Casanova's motion]" does not prejudice Casanova. Rather, refusing to produce indisputably relevant information could prejudice Plaintiffs' ability to respond.

In the end, all of the factors Casanova points to weigh in favor of granting the motion to compel. Casanova has not shown otherwise, and certainly has not shown that the Magistrate Judge committed clear error in granting the motion. Because the motion to compel was properly granted this Court should overrule Casanova's appeal and objection.

### III.    Prayer

Casanova does not dispute Plaintiffs' entitlement to the cell phone records they seek. Rather, Casanova seeks to simply hide behind the discovery deadline in an effort to avoid having to turn over this information he was obligated to turn over months ago. Plaintiffs' motion to compel, however, seeks to compel information that Plaintiffs requested—multiple times—*during the discovery period*. To not allow Plaintiffs to move to compel that information shortly after the discovery period ended would create an incentive for Casanova and his counsel to do exactly what they did here—refuse to produce the requested information until after the discovery period ended and then hide behind that deadline. *See McFadden*, 243 F.R.D. at 11 ("While Plaintiffs motion was filed after the deadline for discovery had expired, it seeks to compel answers and documents that were demanded during the discovery period. I know of no provision of the Federal Rules of Civil Procedure that would condemn Plaintiffs['] claim as untimely. Indeed, if such a motion could not be filed after the discovery period, it would create an incentive

to delay responses and then 'run out the clock.'").  This is not how the discovery rules were designed to work, particularly under the facts presented here.

For these reasons, Plaintiffs respectfully request that this Court deny Casanova's appeal, overrule his objection, affirm the Magistrate Judge's grant of Plaintiffs' motion to compel and grant them such other relief to which they may show themselves to be justly and equitably entitled.

        Respectfully submitted,

By: */s/ Daryl K. Washington*
    **Daryl K. Washington**
    State Bar No. 24013714
    **WASHINGTON LAW FIRM, PC**
    325 N. St. Paul St., Suite 3950
    Dallas, Texas 75201
    Telephone: (214) 880-4883
    Facsimile: (214) 751-6685

    **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 6, 2021**, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Patrick C. Bernal
pbernal@rampagelaw.com
Adolfo Ruiz
aruiz@rampagelaw.com
**Denton Navarro Rocha Bernal & Zech**
2517 N. Main Avenue
San Antonio, Texas 78212
*Attorneys for Defendant, Steve Casanova*

N. Mark Ralls
mralls@hdr-law.com
**Hoblit Darling Ralls Hernandez & Hudlow, LLP**
6243 IH-10 West, Suite 601
San Antonio, Texas 78201
*Attorneys for Defendant, The City of San Antonio*

Mark Kosanovich
mk@fitzkoslaw.com
**Fitzpatrick & Kosanovich, P.C.**
P.O. Box 831121
San Antonio, Texas 78283-1121
*Attorneys for Defendant, The City of San Antonio*

                                       */s/ Daryl K. Washington*
                                       **Daryl K. Washington**