UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PATRICIA SLACK, INDIVIDUALLY
AND AS THE SURVIVING MOTHER
OF CHARLES ROUNDTREE, JR.;
TAYLOR SINGLETON, BERNICE
ROUNDTREE, AND AS
REPRESENTATIVE OF THE ESTATE
OF CHARLES ROUNDTREE, JR. AND
ALL STATUTORY BENEFICIARIES;
AND DAVANTE SNOWDEN,

    *Plaintiffs*,

v.                                     Case No.  SA-18-CV-01117-JKP-ESC

CITY OF SAN ANTONIO, TEXAS,
STEVE CASANOVA, SAN ANTONIO
POLICE OFFICER;

    *Defendants*.

## ORDER OVERRULING OBJECTIONS TO ORDER OF THE UNITED STATES MAGISTRATE JUDGE

This is a hotly litigated civil rights action arising out of the death of Charles Roundtree, Jr., an 18-year-old, and the injuries allegedly sustained by Taylor Singleton and Devante Snowden during an encounter with the San Antonio Police Department. On June 14, 2021, Magistrate Judge Elizabeth S. Chestney issued an Order (ECF No. 152) granting in part Plaintiffs' Motion to Compel Discovery Responses from Defendants Steve Casanova and the City of San Antonio (ECF No. 134). In this Order, the Magistrate Judge directed Casanova to produce a mobile phone number and carrier information to Plaintiffs and granted Plaintiffs' request to subpoena the carrier for the cell phone records associated with the phone number from October 16, 2018 to October 18, 2018, or request the records pursuant to an authorization

executed by Casanova. *ECF No. 152 at 4*. The Order resulted in an appeal (ECF No. 165) by Defendant Casanova and a response by Plaintiffs (ECF No. 169).

## I. AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1)(A) of Title 28 of the United States Code permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for specifically listed motions that are not at issue here. In accordance with this provision, this Court referred this case to the Magistrate Judge for disposition of all non-dispositive matters. *See* Referral Order (ECF No. 44). The Magistrate Judge issued the contested order (ECF No. 152) under this referral order. The Order disposed of non-dispositive matters filed by Plaintiffs.

The district judge may review and reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure provides further guidance as to reviewing non-dispositive pretrial orders of magistrate judges. It establishes a fourteen-day period for parties to object to such orders. And it mandates that the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Rule 72(a) and § 636(b)(1)(A) set out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)); *accord Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (same). With respect to reviewing a non-dispositive order of a magistrate judge, the following principles apply:

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his or her] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Baylor Health Care Sys.*, 955 F. Supp. 2d at 689 (omitting citations and internal quotation marks while quoting *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009)); *accord Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (recognizing that a review of a non-dispositive ruling of a magistrate judge entails reviewing "'factual findings under a clearly erroneous standard,' while 'legal conclusions are reviewed de novo'"); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2016 WL 236266, at *2 (W.D. Tex. Jan. 20, 2016).

The clearly erroneous standard of review "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Gomez*, 2017 WL 5201797, at *2 (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)). To the contrary, "the great deference owed to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Guzman*, 808 F.3d at 1036 (citations and internal quotation marks omitted).

Consistent with § 636(b)(1) and Rule 72(a), the Court reviews the orders entered by the Magistrate Judge and the objections thereto.

## II. ANALYSIS AND CONCLUSION

Upon reviewing the entire evidence; the briefing of the parties, including the objections asserted and response to the appeal; and the order of the Magistrate Judge, the Court is not left with any definite and firm conviction that any factual mistake has been committed. In addition, upon a de novo review of the legal conclusions of the Magistrate Judge, the Court finds no legal error. And for that vast area of choice that remains to the Magistrate Judge who has properly applied the law to fact findings that are not clearly erroneous, the Court finds no abuse of discretion. Accordingly, the Court **OVERRULES** all objections asserted by Defendant Casanova in his appeal, **DENIES** all relief requested by Defendant Casanova in his appeal (ECF No. 165), and **AFFIRMS** the order of the Magistrate Judge (ECF No. 152).

**SIGNED this 7th day of July 2021.**

*[signature]*
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**