# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

PATRICIA SLACK, et al.,

    *Plaintiffs*,

v.                                                      Case No. SA-18-CV-01117-JKP-ESC

CITY OF SAN ANTONIO, TEXAS;
STEVE CASANOVA, SAN ANTONIO
POLICE OFFICER,

    *Defendants*.

## **O R D E R**

Before the Court is Plaintiff Bernice Roundtree, Taylor Singleton, and Davante Snowden's, Motion for Leave to File Amended Complaint (ECF No. 156). With the filing of responses by Defendants and Plaintiffs' reply (ECF Nos. 158, 163, 167), the motion is ripe for ruling. For the reasons set forth below, the Court grants the motion in part.

## I. BACKGROUND

This case arises out of the death of Charles Roundtree, Jr., an 18-year-old, and the injuries allegedly sustained by Taylor Singleton and Devante Snowden during an encounter with the San Antonio Police Department ("SAPD") on October 17, 2018. Plaintiffs Patricia Slack (as Roundtree's biological mother), Bernice Roundtree (as the representative of Roundtree's estate), Singleton, and Snowden bring this action against the City of San Antonio and Officer Steve Casanova for violations of their civil rights pursuant to 42 U.S.C. § 1983, seeking wrongful death and survival damages as to Roundtree and for the injuries sustained by Singleton and Snowden.

According to Plaintiffs' Third Amended Complaint, which is the live pleading in this case, Roundtree, Singleton, and Snowden were gathered the evening of October 17, 2018, at a

residence located at 217 Roberts Street, San Antonio, Texas 78207. *ECF No. 72 at ¶ 12*. Plaintiffs allege that Officer Steve Casanova and two other SAPD officers were purportedly investigating a misdemeanor assault that allegedly occurred outside of the residence, when Officer Casanova entered the residence via the front door without any verbal warning and shone a bright light in direction of the three individuals inside. *Id. at ¶¶ 12–13*. Officer Casanova's entry startled the three individuals, and Snowden walked towards the front door in an attempt to see who was there. *Id. at ¶ 13*. Plaintiffs allege that Snowden saw Casanova pointing a gun at him and attempted to turn and walk away when Casanova opened fire, striking Snowden in the back and buttocks and striking Roundtree in the chest and barely missing Singleton. *Id. at ¶ 14*. Roundtree died from his wounds. *Id.* Singleton alleges she witnessed the events and has suffered severe mental and emotional distress as a result. *Id.*

Plaintiffs dispute the official police report stemming from the incident, which states that Snowden was reaching for a gun in his waistband at the time Casanova opened fire, and maintain that Roundtree, Singleton, and Snowden were unarmed and did not make any threatening gestures toward Casanova or any other person that would have justified the use of deadly force. *Id. at ¶ 15*. Plaintiffs further allege that Snowden, despite not being in possession of any weapon, was arrested and charged with unlawful possession of a firearm. *Id.* Plaintiffs claim that Snowden remained in jail for over nine months for a crime he did not commit and that there was no probable cause or reasonable suspicion to ever believe that Roundtree, Singleton, and Snowden had or were attempting to commit a crime. *Id. at ¶ 16–17*. Plaintiffs accuse the City of San Antonio of failing to adequately train and supervise its officers and of having a pattern and practice of failing to prevent excessive force and extrajudicial killings by SAPD officers and thereafter

ratifying the wrongful conduct. *Id. at ¶¶ 19, 31–43*. Plaintiffs also challenge SAPD's use-of-force policies as facially unconstitutional. *Id. at ¶¶ 27–30*.

## II. LEAVE TO AMEND

A party may amend a pleading after expiration of the Scheduling Order deadline with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a). Leave should be given "freely . . . when justice so requires."

Because Plaintiffs filed this motion *after* the expiration of the Court-ordered deadline to amend pleadings, granting the motion would require modification of the Court's Scheduling Order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, the motion must be made pursuant to Rule 16(b)(4), which provides a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Thus, in evaluating a motion to amend pleadings filed after the Scheduling Order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*. Only once good cause is shown do the more liberal standards of Rule 15(a) apply. *Id.* In exercising its discretion under Rule 15(a), the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Center Operating Co., Ltd. V. Aetna Life Ins. Co*., 898 F.3d 461, 477 (5th Cir. 2018).

**III. DISCUSSION**

Plaintiffs seek to amend their complaint to reflect that Patricia Slack is no longer a Plaintiff in the case and to clarify Bernice Roundtree's capacity to sue for the Estate. In his response, Defendant Casanova objects to the voluntary removal of Plaintiff Slack from Plaintiffs' pleading and tells the Court that "removing Slack from the case with prejudice" by granting a pending motion for summary judgment "will suffice." *ECF No 158 at 2*. Defendant Casanova also objects for the first time to the voluntary dismissal of K.W.'s claims from the action. He complains about inartful language in the notice of voluntary dismissal and argues that dismissal should be with prejudice. *Id.* Finally, Defendant Casanova objects to Bernice Roundtree amending her capacity from representative of the estate to heir of the estate on the basis that he previously challenged her capacity in his answer to Plaintiffs' third amended complaint. *Id. at 4*. Defendant City of San Antonio adopts these arguments. *ECF No. 163*.

**A. Patricia Slack and Minor K.W.**

On February 11, 2021, Diajhanae Williams filed a notice of voluntary dismissal dismissing all claims asserted on behalf of minor K.W. *ECF No. 80*. While K.W. and Diajhanae Williams, the guardian bringing claims on his behalf, were listed in the body of Plaintiffs' complaints, their names never appeared on the docket.[1] Neither Defendant objected to this dismissal until the filing of Defendant Casanova's response to the subject motion on June 24, 2021. *ECF No. 158*.

The text of the subject motion also informs the Court that Patricia Slack intends to dismiss all claims against all Defendants. *ECF No. 156 at 2* ("Plaintiffs agree that Patricia Slack lacks standing in light of the termination of her parental rights and, accordingly, have removed

---

[1] "Plaintiff, K.W., a minor and resident of San Antonio, Texas, acting through his guardian, Diajhanae Williams, also brings this wrongful death action for the death of his father, Charles Roundtree, Jr." *ECF No. 72 ¶ 5*.

her from the amended complaint."). Because K.W. and Slack seek to dismiss all of their claims against all defendants, and in light of the pending motions for summary judgment and Defendants' argument that such dismissal should be with prejudice, K.W. and Slack's requests are more appropriately analyzed under Federal Rule of Civil Procedure 41.

Rule 41 governs dismissal of a civil action at a plaintiff's request. Rule 41(a)(2) provides that after a defendant serves an answer or a motion for summary judgment, and absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In general, such "motions for voluntary dismissal should be freely granted," *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002), but "if a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs. Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & Miller, *Federal Practice and Procedure* § 2364 (1971 & supp. 1990)). Dismissal under Rule 41(a)(2) is "within the sound discretion of the court," but "[w]hen considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

Factors to consider include whether the party proposes to dismiss a case at a late stage of pretrial proceedings, seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010); *see also Davis v. Huskipower Outdoor Equip. Co.*, 936 F.3d 193,

199 (5th Cir. 1991) ("When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal."); *Barragan v. General Motors LLC*, No. 5:15-CV-854-DAE, 2017 WL 5197868, at *4 (W.D. Tex. Mar. 13, 2007) (denying motion where defendant introduced affidavit of 684 hours of work valued at $178,639.50). However, the mere fact "that additional expenses will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor*, 279 F.3d at 317 n.3.

The dismissal of Patricia Slack and K.W.'s claims without prejudice will not adversely affect Defendants. Although the proceedings have been protracted, the litigation has been rigorously contested by all. And while Defendants advise the court that dismissal at summary judgment "will suffice" they have not articulated any cognizable prejudice they will suffer if Slack and K.W.'s claims are dismissed without prejudice. Accordingly, the Court concludes dismissal of these claims without prejudice is proper pursuant to Rule 41(a)(2).

**B. Bernice Roundtree**

Rule 17 of the Federal Rules of Civil Procedure governs the capacity to sue and be sued. In federal court an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). By this lawsuit, Plaintiffs' assert constitutional violations and *Monell* claims pursuant to 42 U.S.C. § 1983. *ECF No. 72 at 15-25*. Plaintiffs also invoke Texas's wrongful death and survival statutes. *Id. at 25-26*.

The Fifth Circuit has held that state wrongful death and survival statutes are incorporated into federal law to provide decedents and their survivors a means for recovery in § 1983 civil rights actions. *See Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961) (holding that Georgia's

wrongful death and survival statutes were incorporated into federal law under 42 U.S.C. § 1988); *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985) (allowing a father in § 1983 case to recover for the loss of society and companionship incurred by the wrongful death of his son and looking to "Texas law for guidance on the damages recoverable for [plaintiff's son's] death"); *Rhyne v. Henderson County*, 973 F.2d 386, 390 (5th Cir. 1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into federal civil rights statutes and allowing a prisoner's mother to sue the county and its sheriff for failing to provide reasonable medical care in violation of § 1983); *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 209 n.8 (5th Cir. 2016) (citing Tex. Civ. Prac. & Rem. Code §§ 71.002(b), 71.004(b) and allowing a mother to sue for her personal injuries resulting from alleged constitutional violations resulting in her son's death).[2] Accordingly, Texas law governs the questions of who has standing to bring the lawsuit and capacity to assert the state and federal claims in this action based on the alleged injuries to Mr. Roundtree and his alleged wrongful death.

"A plaintiff must have both standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (citing *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist*., 46 S.W.3d 880, 884 (Tex. 2001)). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id*, 171 S.W.3d at 848-49 (emphasis in original) (citations omitted). The only issue here is whether Bernice Roundtree should be permitted to amend her complaint to change her capacity from "as representative of the estate" to "heir."

---

[2] "Rodgers may sue for her personal injuries resulting from those alleged violations, because § 1988 incorporates the wrongful-death statute, under which Rodgers has capacity to sue as Hudson's surviving parent." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 209 (5th Cir. 2016).

In Texas, upon death, all of the person's estate vests immediately in the person's devisees or heirs at law. Tex. Est. Code § 101.001. Property belonging to a person and that vests in their estate includes legal actions. A cause of action for personal injury "survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(b). Section 71.021 "provides that only a personal representative, administrator, or heir may sue on behalf of an estate." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998).

The general rule in Texas is the personal representative of the estate of a decedent is the only person who has capacity to bring a claim but an heir at law can maintain a survival action so long as they "allege and prove that there is no administration pending and none necessary." *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971); *accord Rodgers*, 819 F.3d at 212; *accord Moody v. Moody*, 613 S.W.3d 707, 718 (Tex. App.—Houston [14th Dist.] 2020). Under Texas's Wrongful Death Statute, "[t]he surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all." Tex. Civ. Prac. & Rem. Code § 71.004(b).

Because all interested parties knew from the start of the lawsuit that Charles Roundtree, Jr. had died before the suit was filed and thus, it was clear to all involved that the estate of Roundtree was filing the suit, the original complaint preserved the rights of Mr. Roundtree's estate. *See Gomez v. Tex. Windstorm Ins. Ass'n*, No. 13-04-598-CV, 2006 Tex. App. LEXIS 2255, 2006 WL 733957, at *2 (Tex. App.—Corpus Christi—Edinburg Mar. 23, 2006, *pet. denied*). Whether the suit is styled as a representative of the estate or an heir to the estate does not affect the rights of the parties. Thus, the pleading defect may be cured by amendment. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 54-55 (Tex. 2003) (finding it would be improper for a trial court to grant summary judgment on this basis "without first sustaining a

special exception and permitting [the plaintiff] an opportunity to cure the defect"). However, a party that brings a suit as an heir must prove that the party is an heir and that no administration of the decedent's estate is pending and that none is necessary. Additionally, an heir's capacity to bring a lawsuit may be tested upon motion of the opposing party. Thus, allowing such amendment does not prejudice the defendant.

Upon the foregoing and after reviewing the record, the Court finds that Plaintiff Bernice Roundtree has shown good cause to amend the complaint. The Court further finds that granting the motion will not cause undue delay to these proceedings and that the motion has not been brought in bad faith. Thus, granting leave to amend the complaint to reflect Bernice Roundtree's capacity to bring the lawsuit is warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff Bernice Roundtree, Taylor Singleton, and Davante Snowden's Motion for Leave to File Amended Complaint (ECF No. 156). The claims of K.W. and Patricia Slack are **DISMISSED WITHOUT PREJUDICE**. K.W. and Diajhanae Williams have never appeared on the docket and therefore, do not need to be terminated. The Clerk of Court is **DIRECTED** to terminate Patricia Slack. Plaintiffs shall file and serve their Fourth Amended Complaint, with the amendments permitted herein, on or before **July 23, 2021**. Plaintiffs are reminded that the caption must be amended in addition to any relevant section of the amended complaint.

**It is so ORDERED this 15th day of July 2021.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**