UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BERNICE ROUNDTREE, Individually
and on behalf of the Estate of
CHARLES ROUNDTREE, JR. and the
Statutory Beneficiaries,
TAYLOR SINGLETON,
DAVANTE SNOWDEN,

    Plaintiffs,

v.                                                            No. SA-18-CV-01117-JKP-ESC

CITY OF SAN ANTONIO, TEXAS;
STEVE CASANOVA,

    Defendants.

## ORDER ON MOTION

Before the Court is a motion to dismiss filed by Defendants. ECF No. 178. On January 28, 2022, noting that Defendants had brought their motion at least in part under Fed. R. Civ. P. 12(b)(6) and had attached evidence to the motion, which would be considered by the Court, the Court advised the parties the motion would be converted to a motion for summary judgment and gave the parties time to submit additional briefing and evidence. ECF No. 208. The motion is now fully briefed and ripe for ruling. For the reasons set forth below, the Court denies the motion.

## I. Background

Charles Roundtree, Jr. was shot and killed by San Antonio Police Officer Steve Casanova. As stated in the Fourth Amended Complaint, the live pleading in this case, Plaintiff Bernice Roundtree, as Charles Roundtree, Jr.'s adoptive mother and heir, brings "a survival action on behalf of the Estate of Charles Roundtree, Jr.," (hereinafter Mr. Roundtree) under Tex. Civ. Prac. & Rem. Code § 71.021 and a wrongful death action "on her own behalf and on behalf of all other

statutory beneficiaries" under Tex. Civ. Prac. & Rem. Code § 71.004 "as applied under 42 U.S.C. § 1983 and all other applicable laws." ECF No. 173 ¶¶ 3-4. As relevant here, the complaint alleges that Mr. Roundtree suffered personal injury and death as a result of a constitutional violation that occurred at the hands of Officer Casanova. *See Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 867 (5th Cir. 2012) (en banc) (stating liability standard under § 1983).

Though the pending motion is titled *Defendants Casanova's and City of San Antonio's Motion to Dismiss Plaintiff's Fourth Amended Complaint Pursuant to Fed. R. Civ. P. 12 (b) (1), (2), (6) and (7), and (c) or, in the Alternative, Motion to Abate*, the issue is necessary parties, not jurisdiction or failure to state a claim. Accordingly, the standard of review is set forth in Fed. R. Civ. P. 12(b)(7) and 19.

## II. Standard of Review and Applicable Law

Federal Rule of Civil Procedure 12(b)(7) permits the filing of a motion to dismiss for "failure to join a party under Rule 19." As explained by the Fifth Circuit, Fed. R. Civ. P. 19 "is designed to evaluate whether a non-party either impedes the court's ability to 'accord complete relief among existing parties' or has, among additional requirements, 'claimed an interest relating to the subject of the action' —the only two tests for determining whether a person is a required party under Rule 19(a)." *Rajet Aeroservicios S.A. de C.V. v. Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020) (per curiam).

The party advocating joinder bears "the initial burden of demonstrating that a missing party is necessary." *Nat'l Cas. Co. v. Gonzalez*, 637 Fed. App'x 812, 814 (5th Cir. 2016) (per curiam) (citing *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009)). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* If joinder is not required

under Rule 19(a), "no inquiry under Rule 19(b) is necessary." *Id.* at 815 (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 8, (1990)). Rule 19(a) provides, in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Rule 19 joinder "militate[s] in favor of a highly practical, fact-based decision." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986) (noting that "a district court's decision to dismiss for failure to join an indispensable party is properly reviewed under an abuse-of-discretion standard") *accord Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 (1968).

"Although Rule 19 permits joinder of parties needed for just adjudication, or necessary parties," Fed. R. Civ. P. 17(a) "permits a real party in interest to bring an action in their own name on behalf of others for whose benefit the action is brought, if authorized by statute to do so." *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). In Texas, "any wrongful death beneficiary may bring a wrongful death action for the benefit of all beneficiaries." *Id.*

3

(quoting *Texas Health Enterprises, Inc. v. Geisler*, 9 S.W.3d 163, 169–170 (Tex. App.—Fort Worth 1999). The Texas wrongful death statute provides:

> (a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
>
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
>
> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

Tex. Civ. Prac. & Rem. Code § 71.004.

The Texas survival statute provides:

> (a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.
>
> (b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.
>
> (c) The suit may be instituted and prosecuted as if the liable person were alive.

Tex. Civ. Prac. & Rem. Code § 71.021.

"In Texas, the standing doctrine requires that there be (1) a real controversy between the parties, that (2) will be actually determined by the judicial declaration sought." *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 849 (Tex. 2005) (citations omitted). "[I]n a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing," *id.* at 850, but needs a person with capacity to bring the action on its behalf. Ordinarily, only the representative of the estate has capacity to bring a survival action on behalf of a decedent's estate. *Id.* An heir may "maintain a survival suit . . . if they allege and prove that there is no administration pending and none is necessary." *Id.* at 851.

4

**III. Discussion**

Defendants contend that Plaintiffs failed to join all necessary parties. Specifically, Patricia Slack and Charles Roundtree, Sr., Mr. Roundtree's biological parents; Diajhanae Williams and her child K.W.; and all other potential heirs, known and unknown. *See* ECF Nos. 178, 209. Defendants request the case be dismissed or abated pending joinder of these persons. Additionally, Defendants contend that the survival action must be dismissed because Ms. Roundtree has failed to "plead and prove" that no administration of Mr. Roundtree's estate is pending and none is necessary. *Id.* The Court denies the motion for three reasons.

**1. The motion does not ask for what defendants really want.**

As a practical matter, the motion is a poor vehicle for obtaining the information Defendants desire. At bottom, the motion seeks to determine the marital status of Ms. Williams and Mr. Roundtree and the paternity of K.W. This Court listened to the audio file of the April 6, 2021 hearing convened by the presiding Magistrate Judge and it is clear to this Court that the issues raised in the instant motion could have been resolved at that hearing. Next, in spite of the resources expended to bring and brief the instant motion, and the opportunity provided by the Court to present additional evidence in support of their respective positions, it appears that neither party reached out to Ms. Williams to obtain an affidavit to confirm the marital status of Ms. Williams and Mr. Roundtree and the paternity of K.W.

Defendants' complaint about the absence of deposition testimony from Ms. Williams rings hollow when nothing prevented Defendants from seeking to depose Ms. Williams to determine whether "she considered herself the common law wife of Charles Roundtree, Jr., or if he was the actual father of the minor K.W." ECF No. 178 ¶ 16. With the resources at Defendants' disposal, a two question deposition hardly seems unreachable.

And finally, Fed. R. Civ. P. 35 provides that courts may order a party whose physical condition, including blood groups, is in controversy to submit to a physical examination. Fed. R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and persons to be examined." Fed. R. Civ. P. 35(a)(2). Despite Defendants' contention that the parentage of K.W. is *critical* to this case, they never filed a motion to compel a paternity test.

**2. Defendants do not identify any necessary parties.**

As Mr. Roundtree's parent, Plaintiff Bernice Roundtree has standing and capacity to assert a wrongful death action under Tex. Civ. Prac. & Rem. Code § 71.004(b). A wrongful death action may be brought by "the surviving spouse, children, and parents of the deceased" "or one or more of those individuals may bring the action for the benefit of all." Tex. Civ. Prac. & Rem. Code § 71.004. Ms. Roundtree is Mr. Roundtree's parent. *See* ECF No. 210-2 (Order of Adoption). The operative complaint pleads that Ms. Roundtree brings the wrongful death action on behalf of "all other statutory beneficiaries." *See* ECF No. 173. Thus the alleged failure to join any other parent, spouse, or child is not fatal because they are already represented in this action. *See Coffey v. Ochiltree Cty.*, No. 2:16-CV-00071-J, 2016 WL 5349792, at *2 (N.D. Tex. Sept. 22, 2016) (holding that the minor children were not necessary parties to the lawsuit "because § 71.004 requires the suit to be prosecuted for the benefit of all who are so entitled under it"); *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (where the plaintiff sought recovery individually and on behalf of all other beneficiaries of the decedent, the Court found the proposed plaintiffs were not indispensable parties because they were already represented in the lawsuit).

Additionally, while a court may appoint a next friend or guardian ad litem for a child whose parent is unwilling to preserve the child's claims, *Adkison v. Polaris Indus., Inc.*, No. 3:18-CV-02014-M, 2020 WL 137226, at *3 (N.D. Tex. Jan. 13, 2020), there is no evidence that Ms.

Williams is unwilling to preserve or pursue K.W.'s claims. Instead, she has represented that K.W. has no claims because the child is not Mr. Roundtree's child.

While the joinder issue is decided as set forth above—because they are already represented, no other parent, child, or spouse need be joined in the wrongful death action—the court notes that the record evidence does not demonstrate that Patricia Slack, Charles Roundtree, Sr., Diajhanae Williams, or K.W., are necessary parties. Indeed, the statute permits only a parent, child, or spouse of Mr. Roundtree to maintain a wrongful death cause of action; the evidence does not show that any of these persons is a parent, child, or spouse of Mr. Roundtree. *See* Tex. Civ. Prac. & Rem. Code § 71.004 ("An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.").

The evidence shows that Patricia Slack and Charles Roundtree, Sr.'s parental rights had been terminated prior to Charles Roundtree, Jr.'s adoption by Ms. Roundtree. *See* ECF No. 210-2 (Order of Adoption). With a singular exception, which permits an order of "limited post-termination contact" in a voluntary relinquishment case, "an order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other." Tex. Fam. Code §§ 161.206, 161.2061. Additionally, a Texas Court of Appeals has stated,

> upon adoption, all legal rights, privileges, duties and powers between the natural parent and the child with respect to each other are divested upon the adoption. Hence, if the Legislature had intended to make an exception with regard to those rights which accrue under the wrongful death statute, it could easily have said so.

*Go International, Inc. v. Lewis*, 601 S.W.2d 495, 499 (Tex. App.—El Paso 1980, writ ref'd n.r.e.) (citations omitted). Consequently, for the purposes of the wrongful death statute, Patricia Slack and Charles Roundtree, Sr. are not Mr. Roundtree's parents.

Ms. Williams has not asserted any claim in this lawsuit on her own behalf. There is no evidence in the record that she and Mr. Roundtree were in a common law or informal marriage.

7

Nor is there evidence that Ms. Williams has made any such assertion. Moreover, Defendants stated on the record that Ms. Williams has no "individual claims in this lawsuit because she doesn't claim she's the wife or the common law wife of the decedent." Mag. J. H'rg. 53:00-59:40 (Apr. 6, 2021) (ECF No. 121). Consequently, there is no evidence to support a finding that Ms. Williams was Mr. Roundtree's spouse.

Ms. Williams dismissed K.W.'s claims because K.W. is not Mr. Roundtree's child. Specifically, on February 11, 2021, Plaintiffs filed a notice of voluntary dismissal in which Plaintiffs' counsel attests:

> On February 3, 2021, Plaintiff Diajhanae Williams advised the undersigned counsel that she would no longer wish to pursue claims on behalf of minor, K.W., due to her representation that K.W. is not the minor child of Charles Roundtree, Jr. Given this discovery, Plaintiff files this notice voluntarily dismissing this action as to Plaintiff Diajhanae Williams's claims only. . . .
>
> I certify that on February 4, 2021, I advised counsel for Defendants of my intent to dismiss the claims brought by Plaintiff Diajhanae Williams on behalf of minor K.W. Counsel for the Defendants did not object and, therefore, this motion is being filed pursuant to Rule 41.

ECF No. 80 at 1-2.

Contrary to Defendants' contentions, the dismissal language is not vague as to whose claims were dismissed. Ms. Williams voluntarily dismissed all the claims she brought—and all the claims she brought were on behalf of K.W. Additionally, the evidence Defendants presented to raise doubt as to paternity—interrogatory number one, expenditure on expert witness Smith, Ms. Slack's statements—does not countervail Ms. Williams's statement that K.W. is not Mr. Roundtree's child because Ms. Slack's statements are speculative.[1] Moreover, the issues regarding

---

[1] Parenthetically, if K.W. sought to be joined in the case and paternity was questioned, the child "would have to prove by clear and convincing evidence that [s/]he is a filial descendant of the deceased." *Garza v. Maverick Mkt., Inc.*, 768 S.W.2d 273, 275-76 (Tex. 1989). "To recover under the TWDS, an illegitimate child must establish biological paternity by clear and convincing evidence." *Pluet v. Frasier*, 355 F.3d 381, 384 (5th Cir. 2004).

interrogatory number one and the expenditure on expert witness Smith were resolved at the April 6, 2021 hearing. ECF No. 121. Consequently, assuming any parent, child, or spouse needed to be joined in this wrongful death action, and they do not, Defendants did not meet their "initial burden of demonstrating that a missing party is necessary." *Hood*, 570 F.3d at 627.

**3. Bernice Roundtree has capacity to bring the survival action.**

As Mr. Roundtree's heir, Ms. Roundtree has capacity to bring a survival action under § 71.021(b), because she has pled and proved that no administration of her son's estate is "pending and none is necessary." *Lovato*, 171 S.W.3d at 851. A personal injury action of a deceased person "survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021. An heir may bring the survival action when the heir can plead and prove that no administration of the deceased's estate is "pending and none is necessary." *Aguirre v. City of San Antonio*, 995 F.3d 395, 423 (5th Cir. 2021) (quoting *Lovato*, 171 S.W.3d at 848–49). In the operative complaint, Ms. Roundtree has pled that she is an heir and that no administration of her son's estate is pending and none is necessary. The record evidence shows the same.

As shown above, Ms. Roundtree is Mr. Roundtree's parent. ECF No. 210-2. As such, she is also his heir.[2] Ms. Roundtree testified in deposition that no administration of Mr. Roundtree's estate was pending and none was necessary. ECF Nos. 173; 189-1; 210-1 (B. Roundtree Dep. 11:7-25:16; 66:9-25). Ms. Roundtree testified that at the time of his death, her son had no debts and no assets. *Id.* She also testified that the family had agreed that she would represent Mr. Roundtree's estate and distribute any assets that came into the estate. *Id.* Mr. Roundtree was eighteen years old

---

[2] "'Heir' means a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." Tex. Est. Code § 22.015. If a person who dies intestate does not leave a spouse, and "no child or child's descendant survives the person, the person's estate descends and passes in equal portions to the person's father and mother." Tex. Est. Code § 201.001.

when he was killed. ECF No. 173 ¶ 41. Mr. Roundtree never filed a tax return; he lived at times with his adoptive mother, Ms. Roundtree, and at times his birth mother, Patricia Slack, and had never lived independently; and, because he was still in high school when he was killed, had no significant earnings prior to his death. H'rg. 48:00-49:30; ECF No. 143 at 275 (Slack Dep. 59:22-25); B. Roundtree Dep. 30:1-31:2; ECF No. 209-1 at 189.

The record evidence is therefore sufficient to meet Plaintiffs' burden to prove that no administration of Mr. Roundtree's estate is pending and none is necessary. *See Lopez-Rodriguez v. City of Levelland*, No. 5:02-CV-073-C, 2004 U.S. Dist. LEXIS 32514, at *29 (N.D. Tex. Aug. 3, 2004) (discussing what evidence may help prove that no administration of a decedent's estate is pending and none is necessary); *Lovato*, 171 S.W.3d at 851 (acknowledging that a family agreement regarding the disposition of the estate's assets can provide support for the assertion that no administration of the decedent's estate is necessary).

**IV. Conclusion**

For the reasons set forth above, the Court **DENIES** *Defendants Casanova's and City of San Antonio's Motion to Dismiss Plaintiff's Fourth Amended Complaint Pursuant to Fed. R. Civ. P. 12 (b) (1), (2), (6) and (7), and (c) or, in the Alternative, Motion to Abate* (ECF No. 178).

**It is so ORDERED this 17th day of February 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**