# EXHIBIT C

```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
                   SAN ANTONIO DIVISION

PATRICIA SLACK,                    §
Individually and as the            §
surviving mother of                §
CHARLES ROUNDTREE, JR.;            §
BERNICE ROUNDTREE as the           §  CIVIL ACTION
representative of the              §
estate of CHARLES                  §  NO.: 5:18-CV-1117-FB
ROUNDTREE, JR., and the            §
Statutory Beneficiaries;           §
TAYLOR SINGLETON; and              §
DAVANTE SNOWDEN,                   §
     Plaintiffs,                   §
                                   §
VS.                                §
                                   §
THE CITY OF SAN ANTONIO,           §
TEXAS AND STEVE CASANOVA,          §
     Defendants.                   §
```

**ORIGINAL**
**READ & SIGN**

ORAL AND VIDEOTAPED REMOTE DEPOSITION OF

RANDAL HINES

OCTOBER 22, 2020


ORAL AND VIDEOTAPED REMOTE DEPOSITION OF RANDAL HINES, produced as a witness at the instance of the Plaintiffs, and duly sworn, was taken in the above-styled and numbered cause on October 22, 2020, from 10:23 a.m. to 12:31 p.m., via videoconference before April R. Brunson, CSR in and for the State of Texas, reported by machine shorthand, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

```
 1   about the incident?
 2                MR. RUIZ:  Objection, form.
 3        A.   Yes, sir.  He -- I do ask his -- basically,
 4   I'll say do you remember anything else or is there
 5   anything else you want to tell me about this situation.
 6        Q.   (BY MR. WASHINGTON)  And would you ask him --
 7   or do you give them the option, Detective Hines, to come
 8   back to you later if they learn -- you know, if they
 9   want to maybe supplement their statements and tell you
10   additional information?
11        A.   Usually, if there's any additional information
12   that comes up after the initial statement is taken, then
13   that's either going to be handled by the lead detective
14   or Internal Affairs or the district attorney's office,
15   if they have questions that they need clarification on.
16        Q.   Okay.  Now, let me ask you, Detective Hines,
17   in your 25 years of experience, education, and training,
18   is it -- is it your opinion that firing into an occupied
19   home, not knowing where everyone is located in that
20   home, is reckless?
21                MR. LEWIS:  Objection, form.
22                MR. RUIZ:  Objection, form.
23        Q.   (BY MR. WASHINGTON)  You can answer, Detective
24   Hines.
25        A.   Okay.  Yes, I would consider that reckless,
```

1  yes, sir.
2      Q.   And not knowing where other individuals are
3  located in that house could lead to the injury or death
4  of other individuals?
5           MR. RUIZ:  Objection, form.
6      A.   Yes, sir, it could.
7      Q.   (BY MR. WASHINGTON)  And in this case, did you
8  come to learn that there was an individual who was
9  actually killed?
10     A.   Yes, sir, I did.
11     Q.   And the person who killed that individual
12 would have been Officer Casanova?
13     A.   As far as I know, yes, sir.
14     Q.   And you are trained -- or strike that
15 question.
16          Detective Hines, officers are trained that
17 they are responsible for every bullet that come out of
18 their gun?
19          MR. RUIZ:  Objection, form.
20     A.   I've never heard it phrased that way, but yes,
21 sir.
22     Q.   (BY MR. WASHINGTON)  How is it phrased?
23     A.   I believe that's one of the cardinal rules of
24 firearm safety is to be sure of your target and beyond,
25 so that's another way of saying the same thing.

1     Q.   (BY MR. RUIZ)  Okay.  And so the only -- now,
2  you said an opinion that you believe that the shooting
3  into the home is reckless.  Is it reckless if someone is
4  fairly close with you -- to you and you see a gun?
5              MR. WASHINGTON:  Objection, form.
6     Q.   (BY MR. RUIZ)  Is it reckless to shoot at that
7  person?
8     A.   If I see a gun, no, I wouldn't think that was
9  reckless to shoot at that person.
10    Q.   Okay.  And --
11             MR. WASHINGTON:  What was that?
12             MR. RUIZ:  I'm sorry?
13             MR. WASHINGTON:  I'm sorry.  I just heard
14 a loud noise.  I'm sorry.
15             THE WITNESS:  Oh, I think you might have
16 been the only one that heard it, Mr. Washington.  I
17 didn't hear anything.
18             MR. RUIZ:  Thank you, Officer Hines.  I'm
19 finished with my questions.
20             THE WITNESS:  Can I take a bathroom break
21 before we get started?
22             MR. RUIZ:  Yeah, sure.
23             MR. LEWIS:  I'll go ahead before we get
24 off and say I'll reserve all my questions for time of
25 trial unless Daryl has some more.

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2                      SAN ANTONIO DIVISION

 3    PATRICIA SLACK,                  §
      Individually and as the          §
 4    surviving mother of              §
      CHARLES ROUNDTREE, JR.;          §
 5    BERNICE ROUNDTREE as the         § CIVIL ACTION
      representative of the            §
 6    estate of CHARLES                § NO.: 5:18-CV-1117-FB
      ROUNDTREE, JR., and the          §
 7    Statutory Beneficiaries;         §
      TAYLOR SINGLETON; and            §
 8    DAVANTE SNOWDEN,                 §
           Plaintiffs,                 §
 9                                     §
      VS.                              §
10                                     §
      THE CITY OF SAN ANTONIO,         §
11    TEXAS AND STEVE CASANOVA,        §
           Defendants.                 §
12

13

14

15            ------------------------------------

16                   REPORTER'S CERTIFICATION

17                 DEPOSITION OF RANDAL HINES

18                      OCTOBER 22, 2020

19            ------------------------------------

20

21

22      I, April R. Brunson, Certified Shorthand Reporter

23   in and for the State of Texas, hereby certify to the

24   following:

25         That the witness, RANDAL HINES, was duly sworn by
```

1  the officer and that the transcript of the oral
2  deposition is a true record of the testimony given by
3  the witness;
4       I further certify pursuant to FRCP Rule 30(f)(1)
5  that the examination and signature by the deponent was
6  requested by the deponent or a party before the
7  completion of the deposition and that, therefore, the
8  deposition transcript was submitted on
9  ____**November 4**____, 2020, to the witness or to the
10 attorney for the witness for examination and signature
11 before any notary public and to be returned to me within
12 30 days (or ____ days per agreement of counsel) from
13 date of receipt of the transcript.  If returned, the
14 attached Changes and Signature Page contains any changes
15 and the reasons therefore;
16      That pursuant to information given to the
17 deposition officer at the time said testimony was taken,
18 the following includes counsel for all parties of
19 record:
20      FOR THE PLAINTIFFS:
            Mr. Daryl K. Washington
21          WASHINGTON LAW FIRM, P.C.
            325 North St. Paul
22          Suite 3950
            Dallas, Texas  75201
23          214.880.4883
            214.751.6685  (Fax)
24          dwashington@dwashlawfirm.com
25

```
 1          FOR THE DEFENDANT CITY OF SAN ANTONIO:
                Mr. Logan Lewis
 2              Assistant City Attorney
                Office of the City Attorney
 3              Litigation Division
                100 West Houston
 4              18th Floor
                San Antonio, Texas  78205
 5              210.207.6520
                210.207.4357  (Fax)
 6              logan.lewis@sanantonio.gov

 7          FOR THE DEFENDANT STEVE CASANOVA:
                Mr. Adolfo Ruiz
 8              Mr. Patrick Bernal
                DENTON NAVARRO ROCHA BEERNAL & ZECH, P.C.
 9              2517 North Main Avenue
                San Antonio, Texas  78212
10              210.227.3243
                210.225.4481  (Fax)
11              aruiz@rampagelaw.com
                pbernal@rampagelaw.com
12

13       That the amount of time used by each party at the

14   deposition is as follows:

15              MR. WASHINGTON - 1 hour, 34 minutes

16              MR. LEWIS - 1 minute

17              MR. RUIZ - 21 minutes

18

19       That $_____ is the deposition officer's charges

20   to the Plaintiffs for preparing the original deposition

21   transcript and any copies of exhibits;

22       I further certify that I am neither counsel for,

23   related to, nor employed by any of the parties or

24   attorneys in the action in which this proceeding was

25   taken, and further that I am not financially or
```

1  otherwise interested in the outcome of the action.

2          Certified to by me this 3rd day of

3  November, 2020.

4

5

6  _____
   April R. Brunson
7  Texas CSR No. 7495
   Expiration Date:  4/30/2022
8  AdvancedONE/HG
   2777 North Stemmons Freeway, Suite 1025
9  Dallas, Texas  75207
   Firm No:  Dallas 69
10 1-888-656-DEPO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25